IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

KABANA, INC.,

        Plaintiff,

v.     No. CV 15-00995 WJ/CG

KING LARIMAR, INC., and
APOLLO MANUFACTURING, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT
AS TO DEFENDANT APOLLO**

THIS MATTER comes before the Court upon Defendant Apollo Manufacturing, Inc.'s Motion to Set Aside Clerk's Entry of Default (**Doc. 10**), filed April 14, 2016. Having reviewed the parties' filings and the applicable law, the Court finds that Defendant's Motion to Set Aside Clerk's Entry of Default is well-taken, and therefore **GRANTED**, as herein described.

**BACKGROUND**

On November 4, 2015, Plaintiff Kabana, Inc. ("Kabana") filed a Complaint (**Doc. 1**) alleging that Defendants King Larimar, Inc. ("King Larimar") and Apollo Manufacturing, Inc. ("Apollo") have manufactured and sold infringing copies or derivatives of Kabana's pendants and rings made of precious metals, precious stones, and inlay. Kabana alleges that it has received Copyright Registration Numbers for each of these pendants and rings, and therefore, Defendants are committing copyright infringement. Kabana alleges that the copies are of inferior quality and are sold at a lower price, and therefore damage both Kabana's reputation and the market for

Kabana's original works. Kabana prays that Defendants be preliminarily and permanently enjoined from infringing any of Kabana's copyrighted works, be ordered to stop the sale, advertisement, and distribution of the copies, set forth the manner in which Defendants have complied with the injunction, provide all copies to Kabana and provide an accounting of sales, profits, and identifies of those who made the copies, and be ordered to pay damages and costs.

On March 16, 2016, Kabana filed a Motion for Default Judgment (**Doc. 6**), stating that adequate and proper service of process was accomplished via U.S. registered mail on February 10, 2016, and that Defendants had failed to answer or otherwise plead in defense of Plaintiff's Complaint within twenty-one days. On March 18, 2016, the Clerk of Court filed an Entry of Default (**Doc. 7**) against Defendants.

On April 14, 2016, Apollo filed a Motion to Set Aside Clerk's Entry of Default (**Doc. 10**). Kabana filed a Response (**Doc. 15**) on May 4, 2016, and Apollo filed a Reply (**Doc. 17**) on April 17, 2016.

## LEGAL STANDARD

Rule 55(c) allows the Court to set aside an entry of default for good cause. Rule 55(c) requires "good cause" for the judicial action, not "good cause" for a defendant's error. *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). The principal factors in determining whether a defaulting party has met the good cause standard are: (1) whether the default resulted from culpable conduct by defendant; (2) whether plaintiff would be prejudiced if the default is set aside; and (3) whether defendant has presented a meritorious defense. *See Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992); *see also Pinson v. Equifax Credit Info. Servs., Inc.,* 316 Fed. App'x 744, 750 (10th Cir. 2009). However, the preferred disposition of any case is upon its merits and not by default judgment. *See Meeker v. Rizley*, 324 F.2d 269, 272 (10th Cir.

1963). Generally, a party's conduct will be considered culpable if the party defaulted willfully or has no excuse for the default. *See United States v. Timbers Pres., Routt Cty., Colo*, 999 F.2d 452, 454 (10th Cir. 1993) (citation omitted), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820, 825 (1996).

A trial court is vested with broad discretion in deciding a default judgment question. *See Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987). It has been noted that the Rule 55(c) standard is applied generously where only a default has been entered, with no accompanying default judgment. *See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420–21 (4th Cir. 2010); *see also Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). The Court notes, however, that ineffective or improper service in itself would provide a basis for a finding of a void default judgment under Rule 60(b)(4). *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3rd Cir. 1985).

## DISCUSSION

In its Motion to Set Aside Clerk's Entry of Default (**Doc. 10**), Apollo notes that Kabana filed a return of summons stating that Apollo had been served by mail at "15 West 47th Street, New York, New York 10036." (**Doc. 5**). Apollo states that their principal place of business is instead located at 71 West 47th Street, Suite 1602, New York, New York 10036. The signature attached to the return of summons is not entirely legible, but Apollo suggests that it appears to be a "Vinod Sharme." Apollo avers that they do not know who this individual is, but states that this person eventually located Apollo at the correct address and delivered to Apollo the documents related to this case. Apollo does admit that the Department of State of New York lists an incorrect address—the one Kabana mailed the Complaint and summons to—but states that it is working to correct the incorrect address with the State. Apollo also notes that it has never done

business under the name of King Larimar or done business with any company named King Larimar. Apollo argues that it was never properly served, as the requirements of Rule 4 have not been met. Regardless, Apollo's delay in answering was not willful as it alleges that it only learned of the lawsuit because the person who incorrectly signed for the documents eventually found Apollo and delivered the relevant documents. Once it had received the documents, Apollo promptly hired counsel. Apollo also argues that setting aside the default will not prejudice Kabana as the case is in its infancy. Finally, Apollo asserts that they have several meritorious defenses.

In its Response, Kabana argues that Apollo's CEO, Jai Sadhwani ("Mr. Sadhwani"), actually received the Complaint via mail sent by Kabana's attorney in November 2015, and Mr. Sadhwani called Kabana's lawyer in December 2015 to discuss the Complaint. Kabana states that in January 2016, after not hearing from Mr. Sadhwani, Kabana sent a copy of the Complaint and summons by registered mail to Apollo at the address listed by the Department of State of New York. In late February, Kabana's attorney received a voice message from an attorney in New York who stated that he was calling on behalf of Mr. Sadhwani. Kabana alleges that when Kabana's attorney called the attorney back, he stated that he wanted to discuss the lawsuit brought by Kabana and would call back, but never did so. Kabana subsequently filed the Motion for Entry of Default (**Doc. 7**). Kabana argues that Apollo seeks to willfully mislead the Court by failing to mention Mr. Sadhwani's receipt of the letter with the Complaint in November 2015, or Mr. Sadhwani's contact with Kabana both personally and through an attorney. Kabana further argues that service was made effective when the return receipt was signed for by a person at the address shown on the Department of State of New York's records. As process was properly served, Kabana argues that this Court does have jurisdiction to enter Default against Apollo and

Apollo has forfeited its right to relief by consciously deciding not to respond to Kabana's Complaint.

The Court agrees with Apollo and finds that Kabana has not properly served Apollo in this lawsuit, and that regardless, Apollo has made a cause showing under Rule 55(c) for the Court to set aside the entry of default. Rule 4 of the Federal Rules of Civil Procedure states that service may be made upon a corporation in the same manner as on an individual under Rule 4(e). *See* FED. R. CIV. P. 4(h)(1)(A). In turn, Rule 4(e)(1) allows for service on individuals to be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Thus, as Apollo outlines in its Reply, service may be made under either New Mexico law or New York law.

New York law does not require that corporations designate a registered agent, and Apollo does not appear to have done so. *See* N.Y. BUS. CORP. § 305. While New York does require companies to provide an address to the New York Secretary of State, service of process on the corporation is complete "when the secretary of state is so served" who in turn "send[s] one of such copies by certified mail, return receipt requested, to such corporation." *Id.* at § 306(b)(1). Kabana has raised no argument that it made service upon the New York Secretary of State.

New Mexico law allows for service on a corporation by delivering "a copy of the process to an officer . . . or to any other agent authorized by appointment . . . to receive service of process." NMRA 1-004(G)(1)(a). Service may be made by mail, provided that the envelope is addressed to the defendant and that the defendant or a person authorized by appointment sign a receipt for the envelope containing the summons and complaint. *See* NMRA 1-004(E)(3).

On November 20, 2015, Kabana mailed a copy of the Complaint, but not the summons,

5

to 15th West 47th St., Suite 808, New York, New York 10036 and to 610 5th Ave., Suite 888, New York, New York 10036. Mr. Sadhwani avers that the first address is that of his former employer, whom he left in August 2014.

The Court finds that this first mailing fails to effectuate proper service of process under New Mexico law, as Kabana has not shown that the defendant or person authorized by appointment signed a receipt for the envelope, and regardless, the mailing does not appear to contain a copy of the summons. The November 20, 2015 mailing states that "a copy of [the lawsuit] is attached" and that an enclosure is attached. (**Doc. 15-1**, at 4). That said, it does appear that Apollo or Mr. Sadhwani had knowledge that an attorney was trying to reach them or that a lawsuit might be filed against them, as Mr. Sadhwani does not contest Kabana's assertion that he contacted Kabana by telephone in December 2015.

Next, Kabana mailed the Complaint and summons to 15 West 47th Street, Suite 302, New York, New York 10036. Apollo points out that the actual address (incorrectly) stated in the records of the Secretary of State of New York is simply 15 West 47th Street without a suite number. Apollo states that Suite 302 belongs to a D. Sachs & Co., which has no relation to Apollo. The Court finds that this second mailing also fails to effectuate proper service of process. Even if the address stated in the records of the Secretary of State of New York was correct, Kabana appears to have mailed the Complaint and summons to a different address, which in fact, appears to be that of an entirely unrelated company. Additionally, New Mexico law requires that a person authorized by appointment sign a receipt for the envelope. *See* NMRA 1-004(E)(3). To the Court, the signature on the return of summons appears to be a "Vinod Sharma." Mr. Sadhwani's affidavit states that this unknown individual has no connection to Apollo. The Court therefore finds that a person authorized by Apollo did not sign a receipt for the envelope.

As stated above, it appears that Apollo did receive actual notice that a lawsuit might be filed against it or had been filed against it, as Mr. Sadhwani does not contest Kabana's assertion that he and an attorney contacted Kabana's counsel by telephone. Kabana argues that "the law is clear that actual notice of a lawsuit, even if there were technical deficiencies in service, is sufficient to trigger a party's obligation to answer or otherwise respond." (**Doc. 15**, at 5). Kabana provides no legal citation in support of this assertion. Kabana does later cite in its Response to *Kitchens v. Bryan Cty. Nat'l Bank* for the proposition that "federal courts generally take a permissive attitude toward the mechanics employed for service of process when the defendant actually receives notice." *See* 825 F.2d 248, 256 (10th Cir. 1987). However, in *Kitchens*, a copy of the summons and complaint were mailed and signed for by a proper person pursuant to FED. R. CIV. P. 4(d)(3), but a "notice and acknowledgement" and return envelope, required at that time by FED. R. CIV. P. (4)(c)(2)(C)(ii), were omitted. This Court agrees that in *Kitchens*, the service "complied with the spirit, if not the letter" of proper service of process. *Id*. at 255. In this case, however, the Court finds that mailing a copy of the Complaint without the summons, and by non-certified mail, does not comply with the spirit of proper service of process. Neither does mailing a copy of the Complaint and summons to the incorrect address that was signed for by a party wholly unconnected to Apollo comply with the spirit of proper service of process.

Kabana asserts that Apollo has knowingly attempted to obscure its failure to timely respond to the Complaint, particularly the assertion by Mr. Sadhwani that Apollo never received the mail corresponding to the receipt attached to the return of summons. The Court does find that Mr. Sadhwani's Affidavit (**Doc. 10-1**) contains several material omissions, namely, that it omits the information that he received a copy of the Complaint by mail, that he telephoned Kabana's counsel, and that he consulted with an attorney who subsequently contacted Kabana's counsel.

7

However, the Court does not find evidence, as Kabana argues, that Apollo's conduct should preclude it from relief of the entry of default.

In conclusion, the Court finds that neither of Kabana's two attempts to effectuate service of process was effective. Thus, the Court concludes that the Entry of Default (**Doc. 10**) should be set aside on the basis of a void default judgment under Rule 60(b)(4). *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3rd Cir. 1985). Alternatively, the Court finds that Apollo has met the good cause standard for setting aside an entry of default. First, it does not appear that the default resulted from culpable or willful conduct by Apollo. While Apollo may have had actual notice of a lawsuit or the potential of a lawsuit filed against it prior to the Entry of Default, the Court finds merit in Apollo's argument that it first understood that a lawsuit had been filed against in February, and subsequently sought local counsel to defend itself. Second, the Court does not find that Kabana would be prejudiced if the default is set aside. Counsel for Apollo entered an appearance around three weeks after the Entry of Default. The Court finds little risk regarding spoliation or loss of evidence. Third, the Court finds that Apollo has alleged the existence of a potentially meritorious defense regarding whether this Court has personal jurisdiction over Apollo.

The Court finds that the Entry of Default (**Doc. 10**) shall be set aside. That said, Apollo's counsel entered a general appearance on its behalf (**Doc. 9**) to contest the entry of default. Apollo's counsel did not enter a limited appearance to contest the effectiveness of service. While the Court finds that the Entry of Default shall be set aside on the basis of a void default judgment under Rule 60(b)(4), and alternatively, that Apollo has met the good cause standard to set aside the entry of default, the Court also finds that by filing a general appearance, Apollo has now waived an ineffective service of process argument, and therefore, Kabana need to not properly

re-serve Apollo. Finally, Apollo shall file its Answer on or before June 23, 2016.

Accordingly, the Court finds that Defendant's Motion to Set Aside Clerk's Entry of Default is well-taken, and therefore **GRANTED** as to Defendant Apollo.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE